UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| D.O., et al., | ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 5: 15-048-DCR |
| V. | ) ) | |
| STEVE BEASHEAR, in his Official Capacity as Governor of Kentucky, et al., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs to this action include two minor children (designated as "D.O." and "A.O.") and the children's great aunt (designated as "R.O."). The plaintiffs allege that the children were victims of parental neglect and abuse and were removed from the care of their parents under state law. They further allege that they have been denied foster care maintenance payments due under the Social Security Act in violation of the Fourteenth Amendment to the United States Constitution.[1] The plaintiff seek both declaratory and injunctive relief.

The Complaint that was originally filed in the Fayette Circuit Court named the Commonwealth of Kentucky, Cabinet for Health and Family Services, as the only defendant. [Record No. 1-1] However, on February 6, 2015, the state court granted the plaintiff's motion to amend their Complaint to include the Governor and Attorney General of the Commonwealth of Kentucky as additional defendants based on their alleged failures to interpret, execute, and

---

[1] The attorney filing the action on behalf of the three plaintiffs asserts that he was appointed guardian ad litem for the two children.

-1-

enforce the applicable laws and regulations. The plaintiffs also named Audrey Tayse Hayes, in her official capacity as Secretary for the Cabinet for Health and Family Services, based on claims that Hayes is charged under state law with the enforcement of child protection and family support programs. The action was removed to this Court on February 25, 2015. [*Id.*]

The matter is currently pending for consideration of motions to dismiss the claims asserted against Defendants Steve Beashear and Jack Conway. [Record Nos. 2 and 3] Both defendants assert that the claims asserted against them in their official capacities as Governor and Attorney General of the Commonwealth of Kentucky, respectively, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are not proper parties who may be sued for injunctive relief under the exception to immunity recognized in *Ex parte Young*, 209 U.S. 123 (1908). *See also Edelman v. Jordan*, 415 U.S. 651 (1974), and *Children's Health Care Is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415-18 (6th Cir. 1996). [Record No. 2-1, p. 2-3, and Record No. 3-1, p. 4-5][2] More specifically, the defendants note that the Amended Complaint does not allege that either state officer has taken action (as opposed to inaction) which would constitute an exception to Eleventh Amendment immunity. As the Governor points out in his memorandum, while he has authority to appoint certain officials within the Cabinet, that authority does not extend to imposing his will on actions taken by

---

[2] Both defendants acknowledge that Audrey Tayse Haynes, in her official capacity as Secretary for the Cabinet for Health and Family Services (hereafter, the "Cabinet"), is a proper party to this action because the Cabinet is the agency of state government responsible for administering foster care maintenance payments which the plaintiffs claim have been denied.

Cabinet. Likewise, the Attorney General asserts that he has no authority regarding monetary payments under the federal Social Security Act.[3]

In their responses to the motions to dismiss, the plaintiffs concede that: (i) neither the Governor nor the Attorney General have direct responsibility for or involvement with the administration of foster care maintenance payments; and (ii) the exception to immunity recognized by federal law does not apply to the Governor or the Attorney General under the facts alleged in Amended Complaint. Notwithstanding these concessions, the plaintiffs assert that both may become necessary parties to ensure enforcement if this Court enters a judgment in their favor. Therefore, they ask that dismissal of the defendants be without prejudice.

Based on the foregoing, it is clear that the claims asserted against Defendants Beshear and Conway should be dismissed. Additionally, this dismissal will be with prejudice. In the event a judgment is ultimately entered in favor of the plaintiffs, they will have other mechanisms of enforcement against the appropriate state official(s). However, while they must comply with orders in cases in which they are parties, neither the Governor nor the Attorney General are responsible for enforcing the decisions of this Court with respect to the issues raised in the plaintiffs' Amended Complaint. Accordingly, it is hereby

**ORDERED** as follows:

1. The motions to dismiss filed by Defendant Steven Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, and Defendant Jack Conway, in his official

---

[3] The Attorney General makes other arguments in support of his motion to dismiss. [See Record No. 3-1, pp. 6-8] However, in light of the plaintiffs' concessions, it is not necessary to address these additional grounds for dismissal at this time.

capacity as Attorney General for the Commonwealth of Kentucky [Record Nos. 2 and 3] are **GRANTED**.

    2.    The claims asserted in this action against Defendants Beshear and Conway are **DISMISSED**, with prejudice.

This 25th day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge